UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
TANYA DOMINGUEZ,                                             :
                                                             :
                                    Plaintiff,               :
                                                             :          16-CV-6888 (VSB)
                - against -                                  :
                                                             :          **MEMORANDUM & OPINION**
CATLIN IVAN ROGERS and BULK                                  :
CARRIERS (P.E.I.) LTD.,                                      :
                                                             :
                                    Defendants.              :
                                                             :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2017

Appearances:

Joshua Gropper
Gropper Law Group PLLC
New York, New York
*Counsel for Plaintiff*

Beverly Barr
Dickie, McCamey & Chilcote
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

     Before me are Plaintiff's motion to remand this action to the New York State Supreme Court, Bronx County ("Supreme Court"), (Doc. 7), and Defendants' cross-motion for leave to file an amended petition for removal, (Doc. 19). Because the defects in Defendants' petition for removal are merely technical and may therefore be corrected more than thirty days after the filing of the complaint, Plaintiff's motion to remand is DENIED, and Defendants' motion to file an amended petition for removal is GRANTED.

**I.     Background and Procedural History**

Plaintiff commenced this action on June 13, 2016, by filing a complaint in the Supreme Court of the State of New York, Bronx County. (*See* Doc. 1 at 5-13.)[1] The case stems from an August 2015 motor vehicle accident that occurred on the Cross-Bronx Expressway in the Bronx, New York. (Compl. ¶¶ 26-28.) Specifically, Plaintiff alleges that she suffered severe and permanent physical injuries when the motor vehicle driven by Defendant Catlin Ivan Rogers ("Rogers"), and owned by Defendant Bulk Carriers (P.E.I.) Ltd. ("Bulk Carriers", and together with Rogers, "Defendants"), "came into contact with the motor-vehicle" Plaintiff was driving. (*Id*.) Plaintiff asserts two causes of action: (1) negligence; and (2) negligent hiring, training, screening, and/or supervision. (*See* Compl.)

On September 1, 2016, Defendants filed a petition for removal in this District. (*See* Doc. 1.) In the Removal Petition, Defendants assert that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, (Removal Petition ¶ 6), and the amount in controversy exceeds $75,000, (*id*. ¶ 9). Defendants state that they were served in accordance with the Hague Convention,[2] and received a copy of the summons and complaint on August 3, 2016. (*Id*. ¶¶ 3, 12.) In addition, Defendants allege that: (1) Plaintiff is a "resident" of Fort Lee, New Jersey, (*id*. ¶ 4 (citing Compl. ¶ 1));[3] (2) Bulk Carriers operates its principal place of business in the

---

[1] "Removal Petition" refers to the Petition for Removal, filed September 1, 2016. (Doc. 1.) "Complaint" or "Compl." refers to the Verified Complaint, dated June 13, 2016, which is appended as Exhibit A to the end of the Removal Petition. (*See* Doc. 1 at 5-13.)

[2] Defendants note that they made several requests to Plaintiff's counsel for a copy of the proof of service but "as of August 31, 2016 plaintiff's counsel maintains it is unavailable." (Removal Petition ¶ 15.)

[3] Paragraph 1 of the Complaint alleges: "That at all times hereinafter mentioned, [Plaintiff] was, and still is a resident of the State of New Jersey, maintaining a residence at 2411 Rosett Street, Fort Lee, New Jersey 07024." (Compl. ¶ 1.)

2

Province of Prince Edward Island, Canada, (*id.* ¶ 2); and (3) Rogers is a "resident" of Borden-Carlton in the Province of Prince Edward Island, Canada, (*id*. ¶ 5).

Upon removal from the Supreme Court, the case was initially assigned to Judge Nelson S. Román. (*See* ECF Dkt. Entry Sept. 1, 2016.) On September 26, 2016, Plaintiff submitted a pre-motion letter seeking leave to file her anticipated motion to remand. (Doc. 5.) On October 20, 2016, the case was reassigned to me, (*see* ECF Dkt. Entry Oct. 20, 2016), and the next day I issued a memo endorsement granting Plaintiff leave to file her anticipated motion to remand as soon as practicable, (Doc. 6).

On October 26, 2016, Plaintiff filed her two page Motion to Remand to State Court and Opposition to Defendants' Petition for Removal. (Doc. 7.) On November 18, 2016, Defendants filed their Memorandum of Law in Opposition to Plaintiff's Motion to Remand and in Support of Defendants' Cross-Motion for Leave to Amend Petition for Removal. (Doc. 15.) After several attempts to correct various filing errors, on January 24, 2017, Defendants filed their Notice of Cross-Motion for Leave to Amend Petition for Removal, (Doc. 19), and the Certification of Beverly Barr in Opposition to Plaintiff's Motion to Remand and in Support of Defendants' Cross-Motion for Leave to Amend Petition for Removal, (the "Barr Declaration", Doc. 20). Defendants attached their proposed amended petition for removal ("Amended Removal Petition") as Exhibit F to the Barr Declaration. (Doc. 20 at 43-45.) Plaintiff did not file a reply memorandum of law in support of her motion to remand or a memorandum of law in opposition to Defendants' cross motion for leave to amend the petition for removal.

In the Amended Removal Petition, Defendants allege that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, (Amended Removal Petition ¶¶ 13, 14), and the

3

amount in controversy exceeds $75,000, (*id*. ¶ 10). With respect to Defendants' citizenship, the Amended Removal Petition states that: (1) Bulk Carriers is a Canadian company with its principal place of business in the Province of Prince Edward Island, Canada, (*id*. ¶ 5); and (2) Rogers is a Canadian citizen residing in Borden-Carlton in the Province of Prince Edward Island, Canada, (*id*. ¶ 6). With respect to Plaintiff's citizenship, the Amended Removal Petition states that Plaintiff: (1) resides in Fort Lee, New Jersey, (*id*. ¶ 7); (2) does not disclose whether or not she is a citizen of the State of New Jersey or the United States, (*id*. ¶ 8); and (3) does not have any nexus with Canada other than the motor vehicle accident with the Canadian Defendants, (*id*. ¶ 12).

## II. Legal Standard

The federal removal statute provides, in part, that:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). In addition, the statute provides that the notice of removal shall be filed within thirty days after the defendant's receipt of the initial pleading. *See id.* § 1446(b).

On a motion to remand, the party seeking to sustain its removal of the action bears the burden of demonstrating that removal was proper. *See Stan Winston Creatures, Inc. v. Toys 'R' Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003). Unless that burden is met, "the case must be remanded back to state court." *Bellido-Sullivan v. Am. Int'l Grp., Inc.*, 123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must 'resolve any doubts against removability.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quoting *Somlyo v. J. Lu-*

*Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

### III. <u>Discussion</u>

Plaintiff does not dispute that there exists complete diversity of citizenship between the parties or that the $75,000 amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a). Instead, Plaintiff seeks remand solely on the basis that Defendants' Removal Petition was deficient because it failed to allege the citizenship of the parties and instead alleged each party's residence. (*See* Pl.'s Mem. ¶ 3.)[4]

Plaintiff is correct that the Removal Petition is defective because it merely alleges the parties' residence and fails to allege their citizenship, as is required to invoke diversity jurisdiction. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (emphasizing that "a statement of the parties' residence is insufficient to establish their citizenship"); *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967) (noting that "it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens"); *Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (holding allegations of plaintiffs' residences were insufficient to establish diversity jurisdiction).

Defendants request leave to amend the Removal Petition to cure this defect, (*see* Defs.' Opp. 2);[5] however, Defendants filed their motion to amend the removal petition more than thirty days after they received Plaintiff's complaint, *see* 28 U.S.C. § 1446(b). In general, a defendant "may not amend its notice of removal after this thirty-day period to remedy a substantive defect

---

[4] "Pl.'s Mem." refers to Plaintiff's Motion to Remand to State Court and Opposition to Defendants' Petition for Removal, filed October 26, 2016. (Doc. 7.)

[5] "Defs.' Opp." refers to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand and in Support of Defendants' Cross-Motion for Leave to Amend Petition for Removal, filed November 18, 2016. (Doc. 15.)

5

in the petition." *Briarpatch Ltd. v. Pate*, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000) (quoting *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 924 (S.D.N.Y. 1995)). However, a defendant may amend its notice of removal more than thirty days after receiving the complaint if the amendment is technical in nature. *See, e.g.*, *Lombardi v. Paige*, No. 00 CV 2605 RCC, 2001 WL 303831, at *2 (S.D.N.Y. Mar. 28, 2001) (finding imperfections in notice of removal were "technicalities" and approving untimely amendment); *CBS Inc. v. Snyder*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991) (drawing the distinction between "fundamental" defects that cannot be cured by an untimely amendment and "technical" defects that can). When thirty days from the receipt of the complaint have lapsed, "most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice." 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3733 (4th ed. 2009). Specifically, the defendant "may correct an imperfect statement of citizenship, state the previously articulated grounds more fully, or clarify the jurisdictional amount." *Id.*; *see Grow Grp., Inc. v. Jandernoa*, No. 94 Civ. 5679 (RPP), 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995) (granting untimely amendment where jurisdictional allegations in notice of removal were not absent, but rather were defectively alleged).

Under the facts presented here, I conclude that Defendants' allegations of the parties' "residency" rather than "citizenship" in the Removal Petition is merely a technical defect. *See Joyce v. Dollar Rent A Car Sys., Inc.*, No. 96 CV 4852 (SJ), 1997 WL 55972, at *1 (E.D.N.Y. Feb. 3, 1997) (holding allegation of residence instead of citizenship was merely technical and granting leave to amend); *Fulfree v. Manchester*, No. 95 Civ. 7723 (DC), 1996 WL 1997, at *2 (S.D.N.Y. Jan. 3, 1996) (same).[6]

---

[6] This conclusion finds support in the Second Circuit's permissive approach toward amendment to remedy deficient allegations of diversity in other contexts. *See, e.g.*, *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v.*

In addition, I note that Plaintiff does not refute Defendants' allegations that complete diversity exists or that the amount in controversy requirement is satisfied. (Amended Removal Petition ¶¶ 13, 14.) In fact, Plaintiff's motion papers consist of only two pages and do not address Defendants' assertion that the defect in their removal petition is merely technical for which amendment is legally permitted; nor did Plaintiff file a reply to address these issues. Moreover, based on what is available in the record, there is no basis to doubt these allegations. *See Zeballos v. Tan*, No. 06 Civ. 1268 (GEL), 2006 WL 1975995, at *1 n.1 (S.D.N.Y. July 10, 2006) (denying motion to remand where "statements submitted by the parties in connection with the motion to remand, together with the complaint, clearly establish that there is diversity of citizenship").

## IV. Conclusion

For the reasons stated above, I grant Defendants leave to amend the technical deficiency identified by Plaintiff. Accordingly, Plaintiff's motion to remand, (Doc. 7), is DENIED, and Defendants' motion for leave to file the Amended Removal Petition, (Doc. 19), is GRANTED. Defendants are directed to file the Amended Removal Petition on or before August 11, 2017.

---

*Dupont*, 565 F.3d 56, 65 (2d Cir. 2009) (courts in the Second Circuit "'generally afford an opportunity for amendment' of the pleadings to cure defective jurisdictional allegations unless 'the record clearly indicates that the complaint could not be saved by any truthful amendment, . . .'") (quoting *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997); *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567-68 (2d Cir. 2000) ("[W]hile a complaint must present certain quite particular allegations of diversity jurisdiction in order to be adequate, the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements."); *Canedy*, 126 F.3d at 103 (deeming pleadings to be amended after plaintiff alleged only residency rather than citizenship in complaint but additional affidavits on appeal made clear that complete diversity existed).

The Clerk of Court is respectfully directed to terminate the pending motions at Document 7 and Document 19.

SO ORDERED.

Dated: August 4, 2017
      New York, New York

Vernon S. Broderick
United States District Judge